**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUN ZHONG XU, AKA Junzhong Xu, | No.    14-72608 |
| Petitioner, | Agency No. A200-575-461 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:    BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Jun Zhong Xu, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum and withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.   We review for substantial evidence

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Xu does not challenge the agency's dispositive finding that he did not establish he qualified for an exception excusing his untimely filed asylum application. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are deemed waived). Thus, we deny the petition for review as to his asylum claim.

Substantial evidence supports the agency's adverse credibility determination based on the discrepancies between Xu's testimony and evidence as to whether he had a fight with family planning officials in China. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under the totality of circumstances). The agency considered Xu's explanations but was not compelled to accept them. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). Thus, Xu's withholding of removal claim fails. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED**.